IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ____ D.C.

05 OCT 27 PM 4: 39

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | No. 99-20081(G)D |
| BERNARD FITCH, | |
| Defendant. | |

ORDER DENYING MOTION PURSUANT TO 18 U.S.C. § 3582

On July 8, 2004, defendant Bernard Fitch, Bureau of Prisons registration number 16830-076, an inmate at the Federal Prison Camp in Millington, filed a motion in his closed criminal case styled as a motion pursuant to 18 U.S.C. § 3582.

Fitch was one of thirteen defendants charged with conspiring to possess with intent to distribute and with distributing approximately 500 kilograms of marijuana. Fitch pled guilty and was sentenced to a term of 140 months imprisonment. Fitch appealed and the United States Court of Appeals for the Sixth Circuit affirmed his sentence. United States v. Fitch, No. 00-5056 (6th Cir. Dec. 20, 2001). On April 22, 2002, the United States Supreme Court denied Fitch's petition for certiorari. Fitch v. United States, No. 01-9295 (U.S. Apr. 22, 2002).

Fitch contends that he is entitled be resentenced based upon the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004). New rules of constitutional criminal procedure are

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on 10-28-05

537

generally not applied to cases on collateral review. Teague v. Lane, 489 U.S. 288 (1989). Blakely has not been "made retroactively applicable to cases on collateral review" and provides Fitch with no basis for relief.

The Sentencing Reform Act of 1984 places strict limits on a court's power to modify a federal sentence. Eighteen U.S.C. § 3582(c) governs modification of an imposed term of imprisonment and states as follows:

> The Court may not modify a term of imprisonment once it has been imposed except that—
>
>   (1) in any case—
>
>   (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>     (i) extraordinary and compelling reasons warrant such a reduction;
>
>     (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
>   and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
>   (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

2

>    (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

None of the provisions of 18 U.S.C. § 3582(c) are applicable here. The Director of the BOP has not moved for a reduction of the defendant's sentence pursuant to § 3582(c)(1)(A). Neither Fed. R. Crim. P. 35, nor any federal statute, authorizes the Court to modify Fitch's sentence pursuant to § 3582(c)(1)(B). Finally, the Sentencing Commission has not lowered the applicable Sentencing Range pursuant to 28 U.S.C. § 994(o), so as to bring this case within § 3582(c)(2).

For all the foregoing reasons, defendant's motion for modification of his sentence pursuant to 18 U.S.C. § 3582(c) is DENIED.

As no reasonable jurist could disagree that this court is without jurisdiction to modify defendant's sentence, it is CERTIFIED, pursuant to Fed. R. App. 24(a) that any appeal in this matter by defendant, proceeding in forma pauperis, is not taken in good faith.

IT IS SO ORDERED this 27th day of October, 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

3



# Notice of Distribution

This notice confirms a copy of the document docketed as number 537 in case 2:99-CR-20081 was distributed by fax, mail, or direct printing on October 28, 2005 to the parties listed.

---

Robert C. Irby
LAW OFFICE OF ROBERT C. IRBY
4345 E. Mallory
Memphis, TN 38111

Bernard Fitch
16850-076
P.O. Box 2000
Millington, TN 38083

Paul M. O'Brien
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT